**Glenville Franklin CLARK, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

Supreme Court of Kentucky.

Oct. 30, 1979.

Jack Emory Farley, Public Advocate, Kevin Michael McNally, Asst. Public Advocate, Commonwealth of Kentucky, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Glenville Franklin Clark was tried and convicted of the murder of Henry Sweatt. He was sentenced to 20 years' confinement in the penitentiary. We affirm.

Prior to trial, defense counsel filed a notice of insanity defense and requested a psychiatric examination pursuant to KRS 504.050(2). The affidavit filed in support of the request for a psychiatric examination to determine competency to stand trial stated in part "the affiant doubts the present fitness of this defendant to proceed or to participate in his own defense." The trial court ordered a psychiatric examination by Dr. Warren. A report was filed with the trial court by the doctor. The report found Clark competent to stand trial and suggested some personality disorders. The defense of insanity was abandoned during the course of the trial.

Clark argues that the trial court committed reversible error in not conducting a competency hearing. The basis of Clark's argument is that KRS 504.040(4), enacted in 1978, mandates a hearing, and failure to conduct such a hearing is reversible error.

KRS 504.040(4) reads: "After the defendant is examined and the report is filed, the court shall order an evidentiary hearing on the issue of defendant's competency to stand trial."

█ It was error for the trial court to disregard the mandatory direction of the statute; however, we are of the opinion that in the circumstances of this case the error was harmless beyond a reasonable doubt. Here the doctor who conducted the examination and submitted the report to the trial court testified at the trial. He testified that in his opinion Clark acted under extreme emotional disturbance at the time of the offense, that he could not form an opinion as to sanity at the time of the offense, and that Clark suffered a personality disorder or mental disorder, but was not

psychotic. The only inference to draw from Dr. Warren's entire testimony is that Clark was competent to stand trial and that there was no suggestion by anyone that he was not, including the factor that no hearing was requested. We are not advised as to any prejudice to Clark other than the formal failure to follow the statute. In these circumstances it would exalt form over substance to reverse for a new trial for failure to conduct a hearing. That is not to say that we will not enforce the mandatory provisions of the statute in other circumstances. The General Assembly has directed the procedure, and it should be followed by the trial courts. We realize, from our experience in reviewing this question before, that rarely can unfair prejudice be shown. However, the statute must be complied with; and if this requires reversing cases to accomplish the mandate of the statute, it will be done.

Clark asserts that the Commonwealth failed to prove Clark was not acting under extreme emotional disturbance and that he was entitled to a directed verdict to the charge of murder. This argument rests primarily on the testimony of Dr. Warren, who testified that in his opinion Clark was acting under extreme emotional disturbance at the time of the killing. While the Commonwealth did not address this issue specifically, we are of the opinion from the record that the Commonwealth met the burden of persuasion here and that the issue was for the jury.

The other issues asserted by Clark do not merit discussion.

The judgment is affirmed.