**UNITED STATES of America ex rel. John William BILYEW, Petitioner–Appellant,**

v.

**Gayle FRANZEN, et al., Respondents.**

No. 87–1081.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 6, 1987.

Decided March 21, 1988.

Lee T. Lawless, Asst. Federal Public Defender, St. Louis, Mo., for petitioner-appellant.

Arleen C. Anderson, Office of Illinois Atty. Gen., Chicago, Ill., for respondents.

Before POSNER and COFFEY, Circuit Judges, and NOLAND, Senior District Judge.[*]

NOLAND, Senior District Judge.

The present appeal is the most recent chapter in the 13 year pilgrimage of John William Bilyew challenging the validity of his guilty plea in an Illinois state court to the offenses of murder and concealing a homicidal death. Such plea was entered on March 3, 1975 and the petitioner sentenced to consecutive terms of 50 to 100 and 1 to 3 years' imprisonment. His conviction was ordered set aside by the Illinois Appellate Court, *People v. Bilyew*, 55 Ill.App.3d 69, 12 Ill.Dec. 781, 370 N.E.2d 585 (1977), but was reinstated by the Illinois Supreme Court. *People v. Bilyew*, 73 Ill.2d 294, 22 Ill.Dec. 736, 383 N.E.2d 212 (1978). Since the decision by the Illinois Supreme Court the petitioner has sought relief in the federal courts.

Bilyew now seeks review of the decision of the federal district court denying for a second time his request for habeas corpus relief. We affirm.

I.

The petitioner was indicted in Williamson County, Illinois on June 7, 1974 for murder, rape and concealing a homicidal death. The deceased was a female child who re-

---

* The Honorable James E. Noland, Senior District Judge for the Southern District of Indiana, is sitting by designation.

fused the petitioner's request for sex and who was thereafter choked. The petitioner wrapped her body in a blanket and hid it. Three days later, in response to a "voice" commanding him to turn himself in, he threw a rock through a neighbor's window to attract attention. At the time the petitioner was charged, an Illinois statute provided that "[t]he burden of proving the defendant is not fit is on the defendant if he raises the question...." Although this statute was later found to be unconstitutional on its face because it imposed the burden of proof on a criminal defendant to establish his unfitness to stand trial, in the petitioner's case he had raised the issue and it was impossible to determine from the trial judge's oral evaluation of the evidence whether she followed the statute and imposed the burden of proof on him. Thus, the Illinois Court of Appeals reversed the finding that the petitioner was competent. The Illinois Supreme Court, however, reversed the Court of Appeals, reasoning that there was no indication that the trial judge utilized the infirm statutory provision in reaching her decision. In addition, the Illinois Supreme Court made the following comments concerning the findings of the trial judge concerning the competency issue:

> In ruling that defendant was fit, the trial judge analyzed the evidence in detail; her findings clearly indicate what evidence she considered most probative. Noting that fitness involves only the defendant's ability to function within the context of trial, the judge disregarded the evidence of the defendant's social immaturity and his hearing of voices, neither of which the experts had testified would make him unfit. The judge found the evidence to indicate that defendant understood what rape and murder were and what the purpose of the proceedings

was. The judge noted that all the experts agreed that defendant could communicate with his counsel, though they differed on the degree of communication. The judge further noted Dr. Norris' reliance on the I.Q. score of 41 and she specifically found that the score of 66, recorded after Dr. Norris' examination, was more reliable. Finding that defendant understood the nature and purpose of the proceedings and could cooperate with his attorneys in his defense, the trial judge ruled that defendant was fit to stand trial.

*People v. Bilyew,* 73 Ill.2d 294, 22 Ill.Dec. 736, 738, 383 N.E.2d 212, 214 (1978).

Following his unsuccessful action for habeas corpus relief in the district court the petitioner appealed to this Court, which found the competency proceedings in the state courts invalid because of the misallocation of the burden of proof and remanded the case to the district court for a determination as to whether it was "still possible to hold a meaningful retrospective hearing to find whether Bilyew was fit to stand trial at the time of the state proceedings in 1974." *United States ex rel. Bilyew v. Franzen,* 686 F.2d 1238 (7th Cir.1982).[1] In that decision this Court further directed that if such hearing was possible the district court should conduct the hearing, placing the burden of proof upon the State to show by a preponderance of the evidence that in 1974 the petitioner was competent to stand trial. If such a hearing was not possible, or if it revealed that the petitioner was not competent to stand trial, the district court was directed to grant the writ.

Based on the remand order Judge Foreman first concluded that a retrospective competency hearing was possible and then conducted an evidentiary hearing. Based on such hearing he concluded that, utilizing the proper burden of proof, the State had

---

1. In its previous decision in this case the Court stated that "[t]here is little question that the Fourteenth Amendment requires the State or Federal prosecution to shoulder the burden of proving that the defendant is fit to stand trial once the issue of unfitness has been properly raised." *United States ex rel. Bilyew v. Franzen,* 686 F.2d 1238, 1244 (7th Cir.1982). The previous panel's conclusion that further inquiry was warranted was based on its finding that it was "impossible to know from the wording of [the trial judge's oral opinion] whether she would have found Bilyew unfit had the burden of proof been placed on the State instead of Bilyew.... Nevertheless, we do not doubt that the trial judge applied the Illinois statute then in force...." *Id.* at 1243.

proven that "at the relevant time in 1974 Bilyew had the present ability to consult with his attorney with a reasonable degree of understanding and that he had a rational understanding of the proceedings against him." In reaching this "retrospective determination" that the petitioner was fit to stand trial in 1974 the district judge considered the state record on the competency issue, the live testimony of one of the original expert witnesses, the live testimony of an additional expert witness and portions of the petitioner's institutional record relating to his psychiatric condition and treatment following the imposition of sentence. His order denying the petition for writ of habeas corpus carefully analyzes the conflicting testimony and articulates his reasons for giving greater credence to the evidence supporting a finding that the petitioner was fit to stand trial.

In the present appeal Bilyew argues that the district court erred in finding that a meaningful retrospective competency hearing could be held and in then finding him competent at the relevant time in 1974.

## II.

■ A defendant has the due process right not to be tried while incompetent. "The due process test is 'whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *United States ex rel. Mireles v. Greer,* 736 F.2d 1160, 1165 (7th Cir.1984), quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Although retrospective competency decisions are not favored, they may nonetheless be conducted, "provided a meaningful hearing on the issue of the competency of the defendant at the prior proceedings is still possible." *United States v. Johns,* 728 F.2d 953, 957 (7th Cir.1984). Such a determination can be made if the state of the record, together with such additional evidence as may be relevant and available, permits an accurate assessment of the defendant's condition at the time of the original state proceedings.

*United States ex rel. Bilyew v. Franzen,* 686 F.2d 1238, 1247 (7th Cir.1982).

■ Once made, the competency determination of the district court can be set aside only on a showing that the determination is clearly erroneous. *United States v. Johns,* 728 F.2d 953, 956 (7th Cir.1984). In addition, following the original panel decision in this case the Supreme Court issued its *per curiam* decision in *Maggio v. Fulford,* 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983), where it stated that a federal habeas court may not substitute its own judgment concerning the credibility of witnesses in a state proceeding to determine a defendant's competence to stand trial. To do so ignores the presumption applicable to factual findings by a state court mandated by 28 U.S.C. Section 2254(d)(8). Before such findings may be overturned the federal court must determine that they are not "fairly supported by the record." *Id.* In his concurring opinion Justice White noted that the decision of a defendant's competency to stand trial had been previously treated "at least" as a mixed question of law and fact. This holding was relied on in *Mireles,* where this Court found that the district court had given insufficient deference to the factual findings of the Illinois trial judge regarding the defendant's competency to stand trial. The Court found that such findings were fairly supported by the record and that the petitioner had "failed to establish by any convincing evidence that the findings of the state court did not have such support," *United States ex rel. Mireles v. Greer,* 736 F.2d 1160, 1168 (7th Cir.1984), and therefore reversed the grant of a writ of habeas corpus.

## III.

■ Concerning the petitioner's first issue, the district court properly examined the record to determine whether an accurate assessment could be made of Bilyew's condition at the time of the original state proceeding. That record consisted of the testimony and medical and psychological reports of the four expert witnesses who had examined Bilyew in 1974. Based on

such examination the district court concluded in an Order issued on May 8, 1985 that "there is sufficient evidence in the record derived from knowledge contemporaneous to trial to have a meaningful retrospective hearing on the issue." In the same order it notified the parties that the matter would be set for an evidentiary hearing and that they could submit additional evidence relevant to the issue.

In Bilyew's first appeal to this Court we recognized that "the mere passage of time may not make [a retrospective competency hearing] meaningless. 'The passage of even a considerable amount of time may not be an insurmountable obstacle if there is sufficient evidence in the record derived from knowledge contemporaneous to trial.'" *United States ex rel. Bilyew v. Franzen*, 686 F.2d 1238, 1247 (7th Cir. 1982), quoting *United States v. Makris*, 535 F.2d 899, 904 (5th Cir.1976), *cert. denied*, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed. 2d 803 (1977). We find, based on Judge Foreman's explanation and from our independent examination of the information available, that there was sufficient competent evidence from which to make a retrospective competency determination.

In his written order finding the petitioner competent to stand trial in 1974, the district court acknowledged and discussed the evidence and opinions of the expert witnesses relied on by Bilyew as well as by the State of Illinois. He noted that Dr. Norris, a psychiatrist, had opined that Bilyew was unfit to stand trial based on a low I.Q. rating and a corresponding mental age of 6 and based on Bilyew's apparent inability to comprehend the serious nature of the charges. Dr. Rubin, a psychologist, testified at the initial state competency hearing and again before the district court in the habeas proceeding. Dr. Rubin felt that Bilyew was unable to distinguish fact from fantasy and on that basis concluded that he was not fit to stand trial. Dr. Radar, a clinical psychologist, was also one of the petitioner's expert witnesses, although based upon a lengthy interview of 4½ hours he concluded that Bilyew was "able to understand situations realistically and without gross distortions."

The only witness for the State at the original competency hearing was Dr. Hoerker, a psychiatrist who had performed vast numbers of competency examinations. Dr. Hoerker concluded, based on his personal interview with Bilyew, that Bilyew did not suffer from an ongoing psychotic process, that he understood the nature of the charges against him and that he was able to recollect events in his life well and distinguish fact from fantasy. At the hearing before the district court the State also called a forensic psychiatrist, Dr. Tuteur, whose testimony was based upon an examination of Bilyew's records and the opinions of the other experts. Dr. Tuteur testified that he was in agreement with Dr. Hoerker's conclusion that Bilyew was competent to stand trial and that even his post-commitment behavior was consistent with a person who had earlier been competent to stand trial.

After reciting the opinions of the various expert witnesses and setting forth at some length the basis for them and difference among them, the district court concluded that the assessments of Doctors Hoerker and Tuteur more accurately stated Bilyew's condition and that, "[a]lthough there can be little doubt that Bilyew suffers from slight mental retardation, the State has convinced the Court that this condition did not impair his ability in 1974 to consult with his attorney with a reasonable degree of understanding or to rationally and factually understand the nature of the proceedings against him." This finding is not "clearly erroneous" and thus must withstand the petitioner's challenge.[2]

---

**2.** Although the previous decision in this case set the evidentiary hearing by the district court in motion, reliance on the intervening decision in *Maggio v. Fulford*, 462 U.S. 111, 103 S.Ct. 2261, 76 L.Ed.2d 794 (1983), as in *United States ex rel. Mireles v. Greer*, 736 F.2d 1160 (7th Cir.1984), would also result in the denial of the writ. The findings of the Illinois Supreme Court concerning the petitioner's competency, though more sparse than those of Judge Foreman, are sufficient to support the factual determination of the petitioner's competency and are fairly supported by the record.

The denial of the petitioner's petition for a writ of habeas corpus is therefore AFFIRMED.