**Rex Michael BAILEY,
Petitioner–Appellant,**

v.

**Larry SPEARS, Warden & The Attorney
General of the State of Alabama,
Respondents–Appellees.**

No. 86–7319.

United States Court of Appeals,
Eleventh Circuit.

June 16, 1988.

Rex Michael Bailey, pro se.

Donald H. Brockway, Jr., Corretti & Newsom, Birmingham, Ala., for petitioner-appellant.

J. Anthony McLain, Asst. Atty. Gen., James F. Hampton, Sp. Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

Before JOHNSON and CLARK,
Circuit Judges, and DUMBAULD *,
Senior District Judge.

DUMBAULD, Senior District Judge:

Appellant (Bailey) attacks by means of application for habeas corpus his detention under a life sentence imposed under the Alabama Habitual Offenders Act (Alabama Code 1975, Section 13A–5–9) for escape in the first degree (Alabama Code 1975, Section 13A–10–31). The sentence was upheld by the Alabama Court of Criminal Appeals. *Bailey v. State,* 421 So.2d 1364 (Ala.Cr. App.1982). Habeas corpus was denied by final judgement of the District Court for the Northern District of Alabama on April 23, 1986, when Senior District Judge Clarence W. Allgood accepted the recommendations of Magistrate Elizabeth Todd Campbell's report of April 10, 1986.

It is argued on appeal before us that by reason of psychiatric difficulties Bailey was not competent to stand trial, and that he was entitled to the benefit of an insanity defense. Because we are not satisfied that these contentions are without merit, and in view of the youth of the offender,[1] the nature of the offense,[2] and the severity of

---

* Honorable Edward Dumbauld, Senior U.S. District Judge, of the Western District of Pennsylvania, sitting by designation.

1. Apparently Bailey was 26 at the date of the instant offense, but has been exhibiting psychiatric symptoms since 1981 at age 14.

2. Bailey's current conviction (which triggered the recidivist statute) was for escape from the

the penalty,[3] we reverse and remand for an evidentiary hearing with respect to these matters.[4]

The inconclusive evidence heretofore offered regarding this subject, upon which the State court and the District Court based their determinations, is summarized in the opinion of the Alabama Supreme Court at 421 So.2d 1364 *et seq*. Succinctly stated, the testimony of a psychologist with an undergraduate degree (not a qualified psychiatrist) indicated that defendant exhibited "psychotic like behavior" and that "it would be advisable that he receives further, more indepth psychiatric evaluation". This witness stated that defendant's ability to participate in his defense and to assist counsel "would be limited".

Defendant's mother testified regarding his mental difficulties and suicide attempts. She had been advised that he had been diagnosed in previous examinations by psychiatrists as suffering from brain damage. Fellow inmates in the county jail, and the jailer, testified regarding Bailey's bizarre behavior and a suicide attempt in the jail.

These circumstances raise sufficient doubts regarding Bailey's mental capacity as to justify further inquiry by a competent medical expert. Accordingly, we believe that an evidentiary hearing should be held, and the case is REMANDED for that purpose to the District Court.

JOHNSON, Circuit Judge, dissenting:

Judge Dumbauld's opinion states that Bailey raised sufficient doubt regarding his competency to require that an evidentiary hearing be held in the district court. Because I believe that Bailey has already demonstrated by a preponderance of the evidence that he was not competent to stand trial, I would go further than Judge Dumbauld. I would reverse the district court's order denying Bailey's petition for habeas corpus, and I would remand this case to the district court to grant the writ unless the State of Alabama commences new proceedings against Bailey.[1]

Rex Michael Bailey was indicted for first degree escape from the Cullman County Jail in violation of Ala.Code § 13A–10–31. Bailey, at the time of his escape, was incarcerated on an assault conviction. After he was apprehended, Bailey's counsel filed a motion for a mental examination alleging that Bailey was presently incompetent to stand trial and that he was insane at the time of escape. The state trial judge held a hearing on this motion at which several witnesses testified. William Thornton, the Cullman County coordinator of the Alabama Mental Health Center, testified that Bailey exhibited "psychotic-like behavior," that he hallucinated and that he had a poor understanding of reality. Thornton administered a personality test to the defendant and found Bailey's responses to be those of a "disturbed person." He characterized the 27 year old defendant's I.Q. as being equivalent to that of a sixth or seventh grader. Thornton further testified that the defendant's participation in his defense "would be limited" and that he would have

---

county jail. We are not unmindful of the admonition of Thomas Jefferson that effective prison administration, rather than multiplication of criminal offenses, is the best method of protecting society against escapes. In the 1784 *Report of the committee of Revisors* of the laws of Virginia after the Revolution, commenting upon his celebrated Bill Proportioning Crimes and Punishments in Cases Heretofore Capital (in which prison breach was not enumerated as an offense), Jefferson declared:

> "It is not only vain, but wicked, in a legislator to frame laws in opposition to the laws of nature ... The law of nature impels every one to escape from confinement; it should not therefore be subjected to punishment. Let the legislator restrain his criminal by walls, not by parchment." 2 Boyd, Papers of Thomas Jefferson (1950) 502 [quoted in *Neg-*

*rich v. Hohn*, 246 F.Supp. 173, 179 (W.D.Pa. 1965), aff'd 379 F.2d 213 (C.A.3,1967) ].

3. The penalty is life imprisonment, which many respectable authorities (including some members of the Supreme Court) regard as the maximum permissible punishment for heinous crimes such as brutal and premeditated murder.

4. We do not address two other issues urged by appellant (ineffective assistance of counsel, and selective application of the Habitual Offenders Act).

1. Before Bailey can be retried for escape, there must be a competency hearing to determine if the appellant is presently competent to stand trial on this charge.

"some difficulty" understanding the proceedings. Thornton stated that Bailey should receive further in-depth psychological evaluation.

Additional testimony included that of Bailey's mother, who testified that the defendant had difficulties dealing with people, that he did poorly in school, that he had attempted suicide in 1978 and that he received psychiatric counseling in 1969 and 1970. Two of Bailey's cellmates testified that the defendant often carried on conversations with himself and that he worried that the police were "out to get him." In addition, the county jailer testified that Bailey attempted to hang himself in jail in 1980. Despite this extensive evidence, the state trial judge found that the defendant had not demonstrated "reasonable cause" to raise doubts about his competency or sanity. The court denied Bailey's motion for a mental examination and also denied a defense motion to have a psychiatrist appointed to assist in the defense.

The legal standard for competency requires that a defendant be able to consult with his attorney with a "reasonable degree of rational understanding" and that he have a rational and factual understanding of the proceeding. *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *United States v. Rodriguez,* 799 F.2d 649, 655 (11th Cir.1986). The ultimate issue of competency is a mixed question of law and fact. *Price v. Wainwright,* 759 F.2d 1549, 1551 (11th Cir.1985). Therefore, "the federal court should make an independent review of the record to determine whether the historical facts found by the state court support its ultimate finding of competency." *Id.* at 1552. In my opinion, "the historical facts" in this case do not come close to supporting the state court's finding of competency. Instead, the record clearly reflects that the defendant Bailey sustained his burden of proving by a preponderance of the evidence that he was incompetent to stand trial.

The record also reflects that Bailey demonstrated to the state court that his sanity at the time of the offense would be a significant factor at trial. Therefore, the state court violated Bailey's due process rights when it denied the defendant's motion to have a psychiatrist appointed to aid in the preparation and presentation of his defense. *See Ake v. Oklahoma,* 470 U.S. 68, 83, 105 S.Ct. 1087, 1096, 84 L.Ed.2d 53 (1985).

Although this Court has interpreted *Ake* to require that the defendant demonstrate a "substantial basis" for the insanity defense before the court must appoint a psychiatric expert to aid in the defense, *Messer v. Kemp,* 831 F.2d 946, 960 (11th Cir.1987) (en banc), *cert. denied,* — U.S. ——, 108 S.Ct. 1586, 99 L.Ed.2d 902 (1988), Bailey satisfied this standard in the state trial court. However, the appellant failed to raise the *Ake* claim in his habeas corpus petition in the district court or in brief to this Court. Ordinarily, this Court will not consider an issue for the first time on appeal unless a miscarriage of justice would otherwise result. *Davis v. McAllister,* 631 F.2d 1256, 1259–60 (5th Cir. Unit B), *cert. denied,* 452 U.S. 907, 101 S.Ct. 3035, 69 L.Ed.2d 409 (1981); *Stuckey v. Stynchcombe,* 614 F.2d 75, 77 (5th Cir.1980). Since I believe that Bailey is entitled to the writ of habeas corpus on the ground that he was incompetent to stand trial, I find it unnecessary to determine whether the failure to address the clear *Ake* violation would constitute a miscarriage of justice in these circumstances.

In sum, I find that the record clearly indicates that Bailey was not competent to stand trial. Accordingly, I would reverse the district court's order denying Bailey's petition for habeas corpus.[2]

---

2. Like Judge Dumbauld, I deem it unnecessary to discuss Bailey's additional claims that (1) his trial counsel was ineffective, and (2) the Alabama Habitual Offender Act, under which Bailey was sentenced to life imprisonment, was selectively applied to him.