William Eugene THOMPSON,
Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 1998–SC–0277–MR.

Supreme Court of Kentucky.

June 14, 2001.

Reconsideration Denied Aug. 23, 2001.

Oleh R. Tustaniwsky, Susan Jackson Balliet, Frankfort, for Appellant.

Connie V. Malone, David A. Smith, Asst. Attys. Gen., A.B. Chandler III, Atty. Gen., Michael G. Wilson, Asst. Atty., Frankfort, for Appellee.

JOHNSTONE, Justice.

While serving a life sentence for a murder he committed in 1974, William Eugene Thompson killed his prison farm supervisor, Fred Cash. He pled guilty to the murder and was sentenced to death. He appeals to this Court as a matter of right. Because the trial court failed to hold a mandatory hearing on his competency to stand trial, we remand for an evidentiary hearing on the issue and abate consideration of the remaining issues on appeal pending the resolution of the evidentiary hearing.

On October 21, 1994, the trial court ordered Thompson to be transferred to the Kentucky Correctional Psychiatric Center for evaluation in order to determine whether Thompson was competent to stand trial. In the order, the trial court noted its concerns about Thompson's mental state:

> The "problems" brought to the Court's attention ... include possible serious and chronic mental illnesses, neurological problems which may be organic in nature, and the presence of a mental condition which may affect defendant's

ability to perceive and interpret information provided to him by counsel.

*Order,* 86–CR–033 at 1 (Lyon Circuit Court entered Oct. 25, 1994).

At the hearing in which the trial court accepted Thompson's guilty plea, defense counsel conceded the issue of Thompson's competency. At oral argument, appellate counsel argued that this was not so much an actual concession, but part of an overall defense strategy to allow Thompson to waive jury sentencing and be sentenced by the trial judge. This strategy fell apart when the Court of Appeals ruled that the Commonwealth was entitled to jury sentencing. *Commonwealth v. Thompson,* Ky.App., 95–CA–0136–MR (Order entered June 10, 1996). In any event, it is clear that in accepting Thompson's guilty plea, the trial judge relied on both the defense counsel's concession and a review of the reports generated by the doctors who examined Thompson.

 KRS 504.100(1) requires a court to appoint a psychologist or psychiatrist "to examine, treat and report on the defendant's mental condition" whenever "the court has reasonable grounds to believe that the defendant is incompetent to stand trial." KRS 504.100(3) states that after such a report is filed, "the court shall hold a hearing to determine whether the defendant is competent to stand trial." Section (3) is mandatory and cannot be waived by the defendant. *Mills v. Commonwealth,* 996 S.W.2d 473, 486 (1999), *cert. denied,* 528 U.S. 1164, 120 S.Ct. 1182, 145 L.Ed.2d 1088 (2000).

 Criminal prosecution of a defendant who is incompetent to stand trial is a violation of due process of law under the Fourteenth Amendment. *Medina v. California,* 505 U.S. 437, 439, 112 S.Ct. 2572, 2574, 120 L.Ed.2d 353 (1992). "Once facts known to a trial court are sufficient to

place a defendant's competence to stand trial in question, the trial court must hold an evidentiary hearing to determine the question." *Mills,* 996 S.W.2d at 486, citing *Drope v. Missouri,* 420 U.S. 162, 180, 95 S.Ct. 896, 908, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 385–86, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966). The competency hearing mandated by KRS 504.100 is consistent with protecting this important due process right. *Mills,* 996 S.W.2d at 486. The standard of review in such a case is, "Whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Id.* (internal quotation marks omitted).

In *Mills,* the trial court ordered a psychiatric evaluation in response to notice filed by the defense that it intended to introduce evidence concerning mental illness, insanity, or mental defect. *Id.* at 485. But there was no behavior exhibited by Mills in court, or information provided to the court by counsel or other sources, that should have caused the trial court to experience doubt as to Mills' competence to stand trial. *Id.* at 486. In the case at bar, the trial court's own order establishes the sufficiency of the trial judge's level of doubt as to Thompson's competence to plead guilty.

 Under Kentucky law, the competency to plead guilty and the competency to stand trial are identical. *Littlefield v. Commonwealth,* Ky.App., 554 S.W.2d 872, 873 (1977), *cert. denied,* 434 U.S. 987, 98 S.Ct. 617, 54 L.Ed.2d 482 (1977). The trial court overlooked Thompson's right to due process when it failed to hold the competency hearing required by KRS 504.100(3). In all fairness to the able and competent trial judge in this case, we note that while *Mills* holds that a competency hearing

cannot be waived, *Mills* was rendered over three years after the date upon which the trial judge accepted Thompson's guilty plea.

Now we reach the perplexing issue of Thompson's remedy. *Hayden v. Commonwealth,* Ky., 563 S.W.2d 720 (1978), held that failure to hold a competency hearing required reversal of the defendant's conviction. *Id.* at 723. While expressing a preference for merely remanding for a retrospective competency hearing, the *Hayden* Court felt that reversal was compelled by the holdings of *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), and *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

■ Since the time we decided *Hayden,* a number of federal circuits have determined that *Drope* and *Pate* merely disfavor retrospective competency hearings rather than forbidding them absolutely. These circuits hold that retrospective determinations of competence to stand trial are permissible, *i.e.,* do not violate a defendant's due process rights, in particular cases. *See, e.g., United States v. Renfroe,* 825 F.2d 763 (3rd Cir.1987); *United States v. Mason,* 52 F.3d 1286 (4th Cir.1995), *cert. denied,* 531 U.S. 1096, 121 S.Ct. 823, 148 L.Ed.2d 707 (2001); *Wheat v. Thigpen,* 793 F.2d 621 (5th Cir.1986), *cert. denied,* 480 U.S. 930, 107 S.Ct. 1566, 94 L.Ed.2d 759 (1987); *Cremeans v. Chapleau,* 62 F.3d 167 (6th Cir.1995), *cert. denied,* 516 U.S. 1096, 116 S.Ct. 822, 133 L.Ed.2d 765 (1996); *U.S. ex rel. Bilyew v. Franzen,* 842 F.2d 189 (7th Cir.1988); *Reynolds v. Norris,* 86 F.3d 796 (8th Cir.1996); *Moran v. Godinez,* 57 F.3d 690 (9th Cir.1994); *Bailey v. Spears,* 847 F.2d 695 (11th Cir.1988). We agree with this position and hold that a retrospective competency hearing is permissible depending on the facts of a partic-

ular case. We overrule that part of *Hayden* that conflicts with our holding today.

■ A retrospective competency hearing, "may satisfy the requirements of due process provided it is based on evidence related to observations made or knowledge possessed at the time of trial." *Cremeans v. Chapleau,* 62 F.3d at 169. Other factors bearing on the constitutional permissibility of a retrospective hearing include: (1) the length of time between the retrospective hearing and the trial; (2) the availability of transcript or video record of the relevant proceedings; (3) the existence of mental examinations conducted close in time to the trial date; and (4) the availability of the recollections of non-experts—including counsel and the trial judge—who had the ability to observe and interact with the defendant during trial. *See United States v. Makris,* 535 F.2d 899, 904–05 (5th Cir.1976), *cert. denied,* 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803 (1977). These factors are not inclusive and none are necessarily determinative. Rather, the question is decided on a case-by-case basis. *Miller v. Dugger,* 838 F.2d 1530, 1544 (11th Cir.1988), *cert. denied,* 486 U.S. 1061, 108 S.Ct. 2832, 100 L.Ed.2d 933 (1988). In evaluating these factors, we note that the passage of a considerable amount of time is not an insurmountable obstacle. *See, e.g., Cremeans v. Chapleau,* 62 F.3d at 170 (passage of almost seven years between trial and competency hearing did not violate defendant's due process rights).

■ The test to be applied in determining whether a retrospective competency hearing is permissible is whether the "quantity and quality of available evidence is adequate to arrive at an assessment that could be labeled as more than mere speculation." *Martin v. Estelle,* 583 F.2d 1373, 1374 (5th Cir.1978). Further, the Commonwealth has the burden to show that a retrospective competency hearing is per-

missible. *Lokos v. Capps,* 625 F.2d 1258, 1262 (5th Cir.1980).

We believe the determination of whether a retrospective competency hearing is permissible should be left to the trial court. *Accord State v. Snyder,* 750 So.2d 832, 855 (La.1999). Therefore, we remand this case to the Lyon Circuit Court for the limited purpose of determining whether a retrospective competency hearing is permissible in this case, and, if so, to conduct such an evidentiary hearing to determine whether Thompson was competent to enter his guilty plea. Further, we abate this appeal pending the result of the matter of competency on remand.

The trial court shall determine whether a retrospective competency hearing is permissible and, if necessary, conduct a competency hearing within 120 days from the entry of this Opinion and Order. If the trial court rules that a competency hearing is not possible, or if it determines that Thompson was not competent to plead guilty pursuant to RCr 8.06, it shall enter an order granting a new trial pursuant to RCr 10.02. And, of course, Thompson shall not be retried until the trial court finds him competent to stand trial. If the trial court determines that a retrospective competency hearing is warranted, and further finds that Thompson was competent to plead guilty, then it shall make findings of fact in support of this conclusion in its order, which shall be appealable by Thompson. Any appeal taken by either party from an adverse decision of the Lyon Circuit shall be consolidated with this appeal. Further, briefing on the matter shall be limited to ten pages by each side and, like the hearing on remand, shall be limited to only those issues addressed in this Opinion. Finally, the Lyon Circuit Court shall notify this Court of its final disposition of this matter within ten (10) days of the entry of its final order.

LAMBERT, C.J.; COOPER, GRAVES, KELLER, and STUMBO, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Justice, dissenting.

I must respectfully dissent from the majority opinion because there were no reasonable grounds for the trial judge to conduct a competency hearing. Neither KRS 504.100 nor RCr 8.06 requires a competency hearing when no reasonable grounds exist to conduct one. *See Conley v. Commonwealth,* Ky.,App., 569 S.W.2d 682 (1978).

*Mills v. Commonwealth,* Ky., 996 S.W.2d 473 (1999), a capital murder case which involved a waiver of a competency hearing, set out a rational standard of review regarding the failure of a trial judge to conduct an evidentiary hearing with respect to competency to stand trial. *Mills, supra,* stated that the accused failed to establish any factual basis which should have caused the trial judge to experience reasonable doubt as to Mills' competency to stand trial. Here, Thompson provides no reason why he should be afforded a competency hearing.

In this case, defense counsel advised the trial judge of their concern about competency, but such concerns were alleviated prior to the entry of a guilty plea. The trial judge granted the motion for the allocation of funds for psychiatrists as well as the motion for a competency evaluation. This procedure was conducted by the KCPC. The report of the psychiatrist and her testimony at the sentencing phase stated that her evaluation indicated that Thompson was competent to stand trial. Defense counsel indicated they were satisfied with the results of the report and that they were no longer concerned about com-

petency. Further, they indicated that after repeated contact with Thompson, they were satisfied that he was able to rationally participate in his own defense. Competency to plead guilty and competency to stand trial are subject to the same strict standard and there is no higher standard for competency to plead guilty. *Cf. Littlefield v. Commonwealth*, Ky.App., 554 S.W.2d 872 (1977).

A trial judge is required to hold a competency hearing only when the presumption of competency has disappeared. *Cf. Gabbard v. Commonwealth*, Ky., 887 S.W.2d 547 (1994). This issue was unpreserved but there was no due process violation as a result of the failure to hold a competency hearing prior to the entry of a guilty plea.

This is a clear case of appellate counsel desiring to change the actual facts of the trial. The appellate brief indicates that trial counsel agreed that Thompson was competent, but then it states that there were still reasonable grounds to question his competency.

Interpreting KRS 504.040 which was the predecessor to the current statute, *Clark v. Commonwealth*, Ky., 591 S.W.2d 365 (1979), held that the failure to hold a competency hearing was harmless or nonprejudicial error. There are of course some differences. *Clark, supra*, was not a death penalty case, and *Mills, supra*, involved a waiver of a competency hearing. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), holds that federal due process requires an evidentiary hearing whenever there is sufficient doubt of competency as to require further inquiry on the question. The decision about sufficient doubt and reasonable doubt are properly left with the trial judge who has the opportunity to observe the entire situation. Here, in an abundance of caution the trial judge appointed a psychiatrist who made a

report indicating that the defendant was competent to stand trial. Clearly, a hearing would have only been a vain act and the admission by counsel that Thompson was competent is tantamount to a formal waiver. Even in a death penalty case, a vain act is not required.

In addition, it should be noted that *Mills*, concludes that it was harmless error for the trial judge to allow the defendant to waive the mandatory competency hearing set out in KRS 504.100(3). In that case, the report concluded that the accused was competent to stand trial, but on appeal, Mills relied on his own psychiatric report to show that he was incompetent. There was nothing else in the record that should have caused the trial judge to question his competency. It would appear that the decision rendered today is contradictory to the reasoning of *Mills*.

The psychiatrist who conducted the competency evaluation testified at the sentencing phase of this trial and was subject to cross-examination. The words "reasonable" in the statute must have some meaning. In this case, there was no reasonable expectation that Thompson was not competent based on the facts and evidence available to the trial court.

Occasionally lawyers and judges become so involved with the words of a statute that they are overwhelmed by them and become entangled in them. Here, the language of the statute should be afforded the clear meaning that it expresses and consequently, undue interpretation is not necessary. KRS 446.080.

A simple diagram will show that *reasonable* modifies the subject of the paragraph and controls its meaning. The result is that the mandatory hearing required by the statute arises only when the other conditions are satisfied. The initial requirement is that reasonable grounds must

be first established. There is no reason to abandon the learned language of the statute to reach an artificial result in this case.