Charlie DORRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2008–CA–001351–MR.

Court of Appeals of Kentucky.

Feb. 26, 2010.

Charlie Dorris, LaGrange, KY, pro se.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER and WINE, Judges; LAMBERT,[1] Senior Judge.

WINE, Judge.

Appellant, Charlie Dorris ("Dorris"), *pro se*, appeals from the Ohio Circuit Court's order denying his motion for post-conviction relief under Kentucky Rule of Civil Procedure ("CR") 60.02. Dorris argues that the trial court erred by failing to conduct a competency hearing. Upon a review of the record, we remand for a determination of whether a retroactive competency hearing is permissible.

### Factual History

On January 24, 2008, Dorris appeared in court and entered pleas of guilty to a variety of offenses in five separate criminal cases in the Ohio Circuit Court, including first-degree fleeing and evading, first-degree terroristic threatening, first-degree possession of a controlled substance, first-degree criminal mischief, third-degree terroristic threatening, and possession of drug paraphernalia, first offense. Counsel who represented Dorris on the first indictment, as well as his subsequently court-appointed counsel, were both present during the plea colloquy.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Before Dorris's plea was accepted, the trial court asked him whether he suffered from any mental disease or defect.[2] Dorris and his appointed counsel indicated in response to the court's questions that Dorris suffered from no mental disease or defect and that he was otherwise competent to enter into the agreement. However, Dorris, through his first counsel, had previously requested a psychological evaluation, which was ordered by the court. Although the evaluation was conducted and a report was issued, the court accepted Dorris's plea without a hearing. Dorris waived filing of a pre-sentence investigation report and was sentenced, in accordance with his plea, to a term of fifteen years' imprisonment. This term was set to run consecutively with a sentence he was already serving in another county for nonpayment of child support.

On April 3, 2008, Dorris filed a CR 60.02 motion for post-conviction relief, requesting that the court set aside the judgment on the basis that the trial court should have held a competency hearing. The trial court denied his motion on June 18, 2008. Dorris now appeals from the denial of his CR 60.02 motion.

## Analysis

■ Dorris argues on appeal that his plea is invalid and that he is entitled to a remand for a competency hearing. In support thereof, he states that he has an IQ of 59 and that he is essentially illiterate. He argues that he was denied his constitutional right to due process of law when the trial court accepted his plea agreement without holding a competency hearing pursuant to Kentucky Revised Statute ("KRS") 504.100.

KRS 504.100 provides as follows:

(1) If upon arraignment, or during any stage of the proceedings, the court has reasonable grounds to believe the defendant is incompetent to stand trial, the court shall appoint at least one (1) psychologist or psychiatrist to examine, treat and report on the defendant's mental condition.

(2) The report of the psychologist or psychiatrist shall state whether or not he finds the defendant incompetent to stand trial. If he finds the defendant is incompetent, the report shall state:

(a) Whether there is a substantial probability of his attaining competency in the foreseeable future; and

(b) What type of treatment and what type treatment facility the examiner recommends.

(3) After the filing of a report (or reports), the court *shall* hold a hearing to determine whether or not the defendant is competent to stand trial.

(Emphasis added.) Dorris claims that the trial court erred by failing to hold a competency hearing under KRS 504.100(3) after it ordered a comprehensive psychiatric evaluation pursuant to KRS 504.100(1) and received the psychiatric report and recommendation under KRS 504.100(2).

The record reveals that Dorris moved the court for a psychiatric examination on August 31, 2007, which was ordered by the court on September 11, 2007. Dorris underwent a psychological evaluation on December 11, 2007. The report stated that Dorris was "currently functioning in the upper part of the mildly mentally retarded range (50–69)." The report further stated that his scores were "consistent with very severe depression." However, the examiner also noted that Dorris's scores showed signs of malingering,[3] suggesting that he

---

**2.** The plea colloquy took place with multiple other defendants, each of whom was asked in turn to respond as the questions were asked.

**3.** Dorris scored a 17 on the M–FAST screening test. A score of above 6 is "highly suggestive of malingered psychopathology", according to the December 11, 2007 evaluation report.

portrayed himself as more psychologically impaired than he actually was. Nevertheless, the examiner concluded his report by finding that Mr. Dorris had "an adequate understanding of legal issues ... and [was] capable of participating rationally in his own defense." Although KRS 504.100(3) mandates that a court shall hold a hearing after the filing of a report under KRS 504.100(2), for reasons unknown to this Court, a hearing was never held.

 Criminal prosecution of a defendant who is incompetent to stand trial is a violation of that criminal defendant's constitutional right to due process of law under the Fourteenth Amendment. *Medina v. California*, 505 U.S. 437, 439, 112 S.Ct. 2572, 2574, 120 L.Ed.2d 353 (1992). Our Supreme Court has held that Section (3) to KRS 504.100 is mandatory and cannot be waived by a defendant. *Thompson v. Commonwealth*, 56 S.W.3d 406, 408 (Ky. 2001). *See also, Mills v. Commonwealth*, 996 S.W.2d 473, 486 (Ky.1999). Indeed, "once facts known to a trial court are sufficient to place a defendant's competence to stand trial in question, the trial court must hold an evidentiary hearing to determine the question." *Mills v. Commonwealth*, 996 S.W.2d at 486. *See also, Pate v. Robinson*, 383 U.S. 375, 385–86, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966).

 When a trial court fails to hold a competency hearing, the standard of review is whether a reasonable judge in a similar situation would have experienced doubt with respect to the defendant's competency to stand trial. *Bray v. Commonwealth*, 177 S.W.3d 741 (Ky.2005), *citing Williams v. Bordenkircher*, 696 F.2d 464, 467 (6th Cir.1983). Some decisions of our courts have indicated that failure to follow the mandatory language of KRS 504.100(3) may be considered harmless error. *See, e.g., Mills v. Commonwealth, supra, and West v. Commonwealth*, 161 S.W.3d 331 (Ky.App.2004).

In *Graves v. Commonwealth*, 283 S.W.3d 252 (Ky.App.2009), this Court affirmed the trial court's denial of a CR 60.02 motion filed on nearly identical grounds as those raised by Dorris. Just as in the case *sub judice*, a competency evaluation had been ordered, the evaluator found Graves to be competent to stand trial, and the court accepted a plea of guilty without conducting a hearing. Just as in Graves, if the trial judge in Dorris had any personal doubt about the defendant's sanity, it was reasonably removed by the facts presented in the report and by the conclusions in the report. Dorris himself refers to those findings; however, he attempts to reinterpret them to support his conclusions that he was not competent. The distinguishing difference between *Graves* and the case *sub judice* is that, unlike Graves, Dorris provided this Court with a complete record of the proceedings below. Unlike in Graves, we are not compelled to guess what might have happened.

However, the Supreme Court's holding in *Thompson, supra*, suggests that failure to hold such a hearing once competency has been brought into issue under KRS 504.100(1) and (2) cannot be harmless.

In *Mills, supra*, the trial court only ordered a psychiatric evaluation in response to a notice filed by defense counsel that the defense intended to introduce evidence of mental illness, insanity, or mental defect at trial. The report indicated the defendant was competent to stand trial. Further, there was no behavior exhibited by the defendant or other information which would have caused the trial court to experience doubt as to his competency. Consequently, the Kentucky Supreme Court concluded that the failure to hold a competency hearing was harmless error. *Id.* at 486. The Thompson Court distinguished the situation in *Mills, supra*, because it was apparent in that case, from the trial

court's own order, that there must have been at least some level of doubt as to the defendant's competence. *Id.* at 408. In 2006, the Supreme Court revisited *Mills, supra* and *Thompson, supra* in *Gibbs v. Commonwealth,* 208 S.W.3d 848 (Ky.2006), holding that the requirement set forth in KRS 504.100(3) is a mandatory requirement which cannot be harmless on review. Nevertheless, it is difficult to ignore what appears to be a mandatory hearing requirement in KRS 504.100(3).

> The hearing need not be complex, but the Commonwealth and the defendant must be given an opportunity to present evidence on the issue of competency and an opportunity to cross-examine the psychologist or psychiatrist who prepared the report. While better practice is to hold such a hearing prior to trial, a retrospective competency hearing is permissible when circumstances with respect to time and witness availability are adequate to arrive at an assessment that could be labeled as more than mere speculation.

*Gibbs, supra* at 853, n. 13.

In the present case, the motion for psychiatric testing stated that Dorris had undergone psychiatric treatment and counseling since his childhood and that he continued to be treated for those conditions. The trial court's order for psychiatric examination stated as follows:

> This case came on for hearing and it appearing that there is reason to believe that the above Defendant is not mentally capable of understanding the charges against her/him, or aiding her/his counsel in the trial of said case. IT IS HEREBY ORDERED . . . that the Defendant [undergo a psychological evaluation].

By the language of the order, it appears that the court had some reason to believe the Defendant may have been incompetent. Further, Dorris avers that an evidentiary hearing was scheduled but never commenced before the plea was entered.[4] Finally, we observe that upon reviewing the record of the plea colloquy, Dorris was unable to remember the name of his own attorney, stating "I don't know her name— [she's a] short lady." Additionally, we note that the trial court recommended mental health counseling for Dorris in its sentencing orders. Given these combination of factors, and given the Supreme Court's holding in *Gibbs, supra,* we are unwilling to say that failure to hold the hearing was harmless error.

The next question is what relief may be afforded Dorris on remand. In *Thompson,* the Court noted the perplexing nature of the remedy to be afforded a defendant in cases where it is determined that a competency hearing should have been held. *Id.* at 409. The Thompson Court, in keeping with the position of many of the federal circuits, held that retrospective competency hearings are disfavored, but that reversal is not always required. *Id.* Rather, retrospective competency hearings are permissible where the hearing will not violate a defendant's due process rights. *Id.* Some of the factors to consider in determining whether a retrospective competency hearing will satisfy the requirements of due process include:

> (1) the length of time between the retrospective hearing and the trial;
>
> (2) the availability of transcript or video record of the relevant proceedings;
>
> (3) the existence of mental examinations conducted close in time to the trial date; and
>
> (4) the availability of the recollections of non-experts, including counsel and the

4. However, we are unable to ascertain the veracity of this statement from the record.

trial judge, who had the ability to observe and interact with the defendant during trial.

*Id., citing United States v. Makris,* 535 F.2d 899, 904 (5th Cir.1976). This list is not exhaustive, however, and the question is necessarily determined on a case-by-case basis. *Id.* Additionally, the passage of time alone is not an "insurmountable obstacle." *Id. See also, Cremeans v. Chapleau,* 62 F.3d 167, 170 (6th Cir.1995) (Passage of nearly nine years' time did not violate criminal defendant's due process rights).

The premier question is whether the quality and quantity of the available evidence is such that an assessment as to the defendant's competency could be made which is more than mere speculation. *Id.* On remand, the Commonwealth bears the burden of showing "that a retrospective competency hearing is permissible." *Id.* Our case law dictates that such a determination should be left to the trial court. *Id.* However, just as in *Gibbs, supra,* we are unaware of any reason that a proper hearing could not be held.

### Conclusion

As such, we remand this case to the Ohio Circuit Court for a determination of whether a retrospective competency hearing is permissible.

If a retroactive hearing is deemed permissible, the court shall hold such a hearing. If the hearing demonstrates that Dorris was, indeed, competent to plead guilty, then the Ohio Circuit Court shall enter an order with findings of fact in support of its conclusion. Such order shall be appealable by Dorris.

Absent a showing by the Commonwealth that a retroactive hearing is permissible, *or* if a retrospective hearing is held and it is determined from that hearing that Dorris was not competent to plead guilty pursuant to Kentucky Rules of Criminal Procedure ("RCr") 8.06, the trial court shall follow the procedures set out in KRS 504.110 and KRS 202A or 202B, as may be appropriate.

ALL CONCUR.