**Richard Harrison CREMEANS, Petitioner,**

v.

**Walt CHAPLEAU, Warden, Respondent.**

**Civ. A. No. C93–0012–BG(H).**

United States District Court, W.D. Kentucky, at Bowling Green.

March 31, 1994.

---

Richard Harrison Cremeans, pro se.

Laura H. Early, Office of Atty. Gen., Frankfort, KY, for respondent.

### MEMORANDUM OPINION

HEYBURN, District Judge.

This Petition for a Writ of Habeas Corpus is before the Court on the objections of Petitioner, Richard Harrison Cremeans, to the Magistrate Judge's recommendation that the Writ should not issue. Petitioner challenges the validity of the state court's entry of his guilty plea on grounds that he lacked sufficient mental capacity due to drug addiction to waive his right to a jury trial, as well as a denial of effective assistance of counsel and double jeopardy. The well-reasoned and lucid opinion of the Magistrate Judge found no constitutional defect in Petitioner's guilty plea, and with respect to the ineffective assistance of counsel and double jeopardy challenges, the Court adopts and incorporates the magistrate's recommendation.

However, as to the validity of the guilty plea the Court departs respectfully from the Magistrate, believing that he attempted to discern that which cannot be fairly known after so many years. Under these circumstances, the Court need not make such a difficult investigation because the state's eight year delay in holding an evidentiary hearing to determine whether Petitioner's guilty plea was voluntarily and knowingly entered, is a constitutional defect sufficient enough to require relief. The Court will accordingly order the relief sought on that basis.

### I.

Petitioner was sentenced to serve fifteen years imprisonment in connection with a break-in of a drug store after pleading guilty on October 2, 1975 to a multiple count indictment of third degree burglary, KRS 511.040; theft by unlawful taking, KRS 511.050; possession of burglar's tools, KRS 511.050; and illegal possession of controlled substances, KRS 218A.990. Petitioner moved the trial court to set aside the plea, claiming that the absence of medical treatment while in confinement prior to trial, coupled with the agony of withdrawal from drug addiction, impaired his ability to appreciate the consequences of his plea. The Kentucky Court of Appeals reversed the trial court's summary denial, ruling that an evidentiary hearing was necessary to determine whether Petitioner's "drug withdrawal, complicated by alleged incarceration environment problems" rendered him incompetent, such that the guilty plea was invalid. Accordingly, the Court of Appeals remanded the case for an evidentiary hearing as to Petitioner's competency to plead.

However, Petitioner was paroled on January 9, 1978 before a hearing on the competency issue. Petitioner was again confined in 1984 for a parole violation, whereupon the Kentucky Court of Appeals issued a writ of mandamus directing the trial court to appoint counsel and hold an evidentiary hearing as previously ordered in September, 1977.

The Magistrate Judge exhaustively reviewed the transcripts of the evidentiary hearing held at long last in September 1984 and detailed the state court's findings:

[Petitioner] testified he was addicted to drug use and had for three or four years prior to his arrest taken dilaudid, morphine, heroin and other drugs by injection. Shortly after his arrest he passed out from an overdose of drugs taken while in the drugstore after police had surrounded the store. He woke up in the hospital the next day and was receiving medication intravenously. He was discharged from the hospital the next morning and confined. A disturbance occurred at the hospital when the defendant was denied drugs for treatment of his condition. Requests were made to the jailer and his appointed attorney to get "treatment" but none was furnished during his confinement. He further testified he was experiencing drug withdrawal symptoms on the date of his trial and was shaking and sweating, and that his main thought was to get drugs. On the date of trial, he had scabs and abscesses on his arms from infections resulting from drug injections. The defendant introduced the deposition of Dr. Larry Bogart and stipulated the medical records and letters of Dr. William Marrs who treated the defendant during his hospitalization after his arrest.

[At the evidentiary hearing] ... two arresting officers familiar with drug withdrawal symptoms, who also were present at the [sentencing] trial, [the defense counsel and trial judge, all] testified they did not observe the defendant being sick or sweating or shaking at the trial and that the defendant actively participated in his defense, testifying in an attempt to get the jury to impose a lesser sentence than the maximum. All testified that the deportment, conduct and impression made by the defendant during the trial was good or perfect.

Findings of Fact Conclusions of Law and Recommendation at 8. Petitioner's then counsel failed to file a timely appeal, and the Kentucky Court of Appeals denied Petitioner's motion for a belated appeal on October 27, 1992. This action ensued.

## II.

A plea of guilty is valid if entered voluntarily, knowingly and intelligently. *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In this case, the Kentucky Court of Appeals called the validity of Petitioner's guilty plea into serious question when it recognized that without an evidentiary hearing into the Petitioner's competence at the time of the plea, Petitioner's conviction could not be sustained. The Magistrate Judge reviewed the transcripts of the state evidentiary hearing to resolve the competency question. The ultimate question before this Court, however, is not whether Petitioner knowingly entered a plea of guilty. This Court believes that such a judgment cannot be reasonably made nine years after the fact. Under these circumstances, the Court concludes that an eight year delay in addressing Petitioner's alleged incompetency constitutes a denial of due process fatally defective to his conviction already undermined by state appellate review.

Therefore, the Court need not resolve whether Petitioner was in fact under the influence of drugs to a degree such that Petitioner was incapable of knowingly waiving his right to a jury trial. The issue may be resolved, instead, by giving attention to two relevant Supreme Court decisions involving defendants whose sanity was patently questionable. The facts of this case do not distinguish their holding that an evidentiary hearing years later to determine an accused's capacity knowingly and intelligently to participate in his defense or to plead guilty is constitutionally inadequate to cure a challenged conviction. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

In *Pate v. Robinson*, the Supreme Court considered, first, whether the trial court should have ordered a competency hearing sua sponte. The state had argued that the defendant waived his right to a competency hearing for failure to request one pursuant to state procedure. The Supreme Court reasoned, however, that an incompetent defendant cannot waive the right to a competency hearing and that if the accused was in fact incompetent, the state's failure to determine his competency abridged his right to a fair trial. Because the trial had elicited the de-

fendant's long history of disturbed behavior as well as the defense counsel's clear purpose in proving insanity both at the time of the offense *and present,* the Court ruled that the trial court's failure to inquire sua sponte into the defendant's competency deprived the defendant to his constitutional right to a fair trial. 383 U.S. at 385, 86 S.Ct. at 842.

Having determined that the trial court's failure to hold a competency hearing was reversible prejudice, the Court then considered the pivotal issue in this case whether the state was entitled then to hold a "limited hearing" to determine the defendant's mental competence at the time he was tried six years earlier. The Court repeated its "emphasi[s] on the difficulty of retrospectively determining an accused's competence to stand trial" and stated, "[S]ince we do not think there could be a meaningful hearing on the issue at this late date, we direct the [d]istrict [c]ourt, after affording the [s]tate another opportunity to put [the defendant] to trial on its charges within a reasonable time, order him discharged." *Id.* at 377–78, 86 S.Ct. at 838; *accord, Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975).

As in *Pate,* the Kentucky Court of Appeals determined that an evidentiary hearing on the issue of Petitioner's competency was constitutionally required. The question will always remain, however, whether Petitioner was under the influence of a drug addiction to a degree sufficient to undermine his capacity to waive knowingly and intelligently his right to a jury trial. The day for that determination has long since passed since due process must be afforded at a meaningful time. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). While we may speculate as to Petitioner's competency some nine years ago, it is impossible to resuscitate or revitalize his due process rights lost at that time. An evidentiary hearing now would be no substitute where there is the need for a timely determination of competency given the risk of error inherent in a stale, retrospective inquiry into an accused's mental faculties and motivation. The Court, therefore, holds that the Commonwealth's failure timely to cure the state-adjudicated, constitutional defect entitles Petitioner to relief.

Petitioner has now served years of imprisonment and additional years of probation based upon a guilty plea which, the Court, at this late date, cannot conclude to be knowing and voluntary. He must be tried on those charges now or released. The Court is entering an Order consistent with this Memorandum Opinion.

### ORDER AND WRIT

This Petition for a Writ of Habeas Corpus is before the Court on the objections of Petitioner, Richard Harrison Cremeans, to the Magistrate Judge's recommendation that the writ should not issue. The Court having reviewed the matter de novo and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Court adopts that portion of the Magistrate's recommendation denying Petitioner relief on the basis of double jeopardy and ineffective assistance of counsel; and the Court rejects that portion of the Magistrate's recommendation denying Petitioner relief on the basis of the invalidity of the guilty plea.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is SUSTAINED and that in the event the Commonwealth fails to retry the Petitioner within three months of the date of this Order and obtain a conviction, it shall discharge Petitioner from its custody.