**Richard Harrison CREMEANS, Petitioner–Appellee,**

v.

**Walt CHAPLEAU, Warden, and Commonwealth of Kentucky, Respondents–Appellants.**

**No. 94–5609.**

United States Court of Appeals, Sixth Circuit.

Submitted July 28, 1995.

Decided Aug. 14, 1995.

Richard Harrison Cremeans, LaGrange, KY, pro se.

C. William Swinford, Jr. (briefed), Lexington, KY, for petitioner-appellee.

Laura Early (briefed), Office of Atty. Gen., Frankfort, KY, for respondents-appellants.

Before: ENGEL, NELSON, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Appellee Richard Cremeans was granted federal habeas corpus relief in April 1994. The district court granted relief on the ground that the length of delay from the time Cremeans pleaded guilty in October 1977 to the time an evidentiary hearing was held on the issue of Cremeans' competency at the time he pleaded guilty denied Cremeans due process of law. For the reasons that follow, we **REVERSE**.

## I.

Police officers arrested Cremeans in September 1975, after Cremeans broke into a drug store in Cave City, Kentucky. Cremeans was indicted for burglary, theft by unlawful taking, possession of burglar's tools and illegal possession of controlled substances. Cremeans pleaded guilty in October 1975, but requested that a jury impose the penalty after the Commonwealth refused to recommend any penalty other than the maximum sentence. The jury recommended a sentence of five years on each of three counts and twelve months on a remaining count, and Cremeans was sentenced to fifteen years.

Following the judgment, Cremeans filed a motion to set aside, vacate or correct the judgment, claiming the conditions of confinement prior to trial coupled with his withdrawal from drugs caused him to plead guilty in the hope that he would receive medical treatment for his addiction. The state trial court denied the motion without a hearing; however, in September 1977, the state court of appeals ordered the trial court to hold an evidentiary hearing on the issue of Creme-

ans' competency. The trial court set an evidentiary hearing for October 28, 1977. On October 13, 1977, Cremeans filed a motion for a continuance which the court granted. When Cremeans was discharged on parole on January 9, 1978, no evidentiary hearing had been held. According to Cremeans, while he was on parole he contacted the public defender's office on numerous occasions regarding the hearing.

In 1984, Cremeans returned to prison as a parole violator. He then inquired about the status of his case and learned that the public advocacy office could not handle his case due to a possible conflict of interest and that another attorney was hired to represent Cremeans. Cremeans filed a writ of mandamus, and on August 29, 1984, the state court of appeals issued an order directing the state trial court to appoint counsel for Cremeans and to hold an evidentiary hearing on the question of his competency to enter a guilty plea. The evidentiary hearing was held September 19, 1984, almost seven years after the initial order and nine years after the plea.

At the evidentiary hearing, Cremeans testified that he was addicted to drugs for three or four years prior to his arrest. Shortly after his arrest, Cremeans passed out from an overdose of drugs he took while in the drugstore. He was hospitalized and discharged the next morning. Cremeans testified that he requested treatment for his addiction, and that he experienced withdrawal symptoms on the date of his trial. Cremeans stated that he had scabs and abscesses on his arms from infection that resulted from drug injections. Cremeans also introduced medical evidence regarding his addiction. His medical expert, Dr. Bogart, testified during a 1977 deposition that the passage of two weeks time between Cremeans arrest and the time of his plea would have been sufficient to facilitate Cremeans' awareness of the effect of his plea.

At the evidentiary hearing, the arresting officers testified that they were familiar with drug withdrawal symptoms and that they did not observe any such symptoms in the defendant during the plea and sentencing. The defendant's trial attorney and the trial judge testified to the same, and both noted that the defendant actively participated in his defense. Defense counsel stated that Cremeans acted as if he had a hangover for approximately four to six days after his arrest. This symptom was not apparent at the time Cremeans entered his plea or during the sentencing proceeding. The transcript of the 1975 jury proceeding supports their testimony. After hearing all the evidence, the state trial court found that Cremeans was competent to enter his guilty plea.

## II.

We review the district court's decision in a habeas corpus case de novo. *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)(per curiam). We give complete deference to state court findings unless they are clearly erroneous. *Sumner v. Mata*, 455 U.S. 591, 597, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982); 28 U.S.C. § 2254(d). The deference applies to historical facts not mixed question of law and fact. *Smith v. Jago*, 888 F.2d 399, 407–08 (6th Cir.1989), *cert. denied*, 495 U.S. 961, 110 S.Ct. 2572, 109 L.Ed.2d 754 (1990). The focus of the inquiry is whether Cremeans was mentally and physically competent at the time he pleaded guilty. The question of whether Cremeans was competent to waive trial is a mixed question of law and fact. *Drope v. Missouri*, 420 U.S. 162, 174–75 n.10, 95 S.Ct. 896, 905 n. 10, 43 L.Ed.2d 103 (1975).

The Sixth Circuit recognizes that a retrospective determination may satisfy the requirements of due process provided it is based on evidence related to observations made or knowledge possessed at the time of trial. *Pate v. Smith*, 637 F.2d 1068 (6th Cir.1981).

## III.

The district court declined to review the evidence presented during the delayed competency hearing and declined to adopt the magistrate judge's conclusion that the petition for writ should be dismissed. The district court noted in its memorandum opinion that the magistrate judge "attempted to discern that which cannot be fairly known after so many years." *Cremeans v. Cha-*

**170**

*pleau,* 847 F.Supp. 544, 545 (W.D.Ky.1994). The district court concluded that a nine-year delay in addressing the issue of competency constituted a denial of due process fatally defective to Cremeans' conviction. In support of its conclusion, the district court cited two Supreme Court decisions involving defendants "whose sanity was patently questionable" and concluded that the facts of this case were not distinguishable from either.

There is room for disagreement with this legal conclusion. In *Drope,* the defendant moved for a continuance for psychiatric evaluation and treatment. Although the state did not oppose the motion, the trial court denied it. During the course of the trial, there was testimony including that of a psychiatrist about the irrational acts of the defendant. The defendant attempted suicide and was hospitalized; however, the trial proceeded in the defendant's absence. The Supreme Court held that the defendant's right to be competent at the time of trial could not be adequately protected by remand to consider the matter. The critical difference between *Drope* and the case presented is that no one had the opportunity to observe Drope during trial, whereas here, despite the delay, the petitioner, presiding judge, defense counsel and the arresting officers all participated in the plea and sentencing proceeding and all testified at the competency hearing. Therefore, *Drope* is distinguishable.

In the second case, *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the trial court refused to order a competency hearing despite defendant's long history of disturbed behavior following a head injury he suffered as a child. At least four witnesses stated that the defendant was insane. Further, defendant had previously murdered his son and attempted suicide, and although defendant relied on the insanity defense at trial, the trial court did not allow a continuance to secure the testimony of a psychiatrist. Thus, the facts in *Pate* suggest incompetency and that the trial court refused to allow the matter to be addressed whereas in the case presented, Cremeans' competency was not called into question until he filed a motion to vacate judgment.

Although the passage of time in this case is significant, we do not find it dispositive. *See Moran v. Godinez,* 40 F.3d 1567 (9th Cir. 1994) (holding that a post conviction competency hearing held three years after trial cured the due process violation). The evidence presented to the state trial court at the evidentiary hearing included contemporaneous medical reports; the testimony of the presiding trial judge and the defendant's attorney; and the transcript of the penalty hearing held before the jury including the testimony of the petitioner. Given the availability of information regarding the plea and sentencing proceeding, we **REVERSE** the district court's order granting Cremeans' petition for the writ.