**Darlene Marie PEERENBOOM,
Petitioner,**

v.

**Joan YUKINS, Respondent.**

No. 99–40062.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 16, 1999.

Darlene Peerenboom, Plymouth, MI, Pro se.

Debra M. Gagliardi, Michigan Department of Attorney General, Lansing, MI, for Respondent.

### *OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*

GADOLA, District Judge.

**I.** *Introduction*

Petitioner Darlene Marie Peerenboom, a state prisoner currently incarcerated at

the Scott Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and the matter is dismissed.

## II. *Facts*

Petitioner's conviction arises out of events that occurred on April 7, 1995. Petitioner had been involved in a romantic relationship with Laurie Wahlstrom, which was broken off by Ms. Wahlstrom. Ms. Wahlstrom then became involved in romantic relationships with Kim Clifford and Sue Peronto, who lived together. Petitioner was very upset that her relationship with Ms. Wahlstrom had ended. She also became increasingly upset that Ms. Wahlstrom was romantically involved with Ms. Clifford and Ms. Peronto. Sometime in March 1995, Petitioner began to talk to her sixteen-year-old son Corey Peerenboom about killing Ms. Clifford and Ms. Peronto.

Petitioner recruited one of her son's friends, Jason Roell, to build a bomb, which Petitioner planned to place outside the Clifford–Peronto home. On the evening of April 7, 1995, Mr. Roell delivered the bomb to Petitioner's house. Late that evening, Petitioner and her son drove to the Clifford–Peronto home with the bomb. Petitioner placed the bomb under the gas line outside the home. Petitioner then returned home and listened to her police scanner for news that the bomb had exploded.

During the early morning hours of April 8, 1995, Petitioner still had not heard any information on the police scanner related to a bomb explosion. She then decided to return to the site to retrieve the bomb. She enlisted her son's friend, James Makowski, to drive to the Clifford–Peronto home with her. When they arrived at the home, Mr. Makowski retrieved the bomb. Petitioner and Mr. Makowski began to drive back to Petitioner's house while trying to determine why the bomb had not detonated. As the two were tampering with the bomb, it exploded. Both Petitioner and Mr. Makowski were severely injured by the blast. Petitioner lost both of her hands and most of the hearing in both of her ears.

Petitioner was convicted of two counts of attempted murder and one count of placing an explosive without damage.

## III. *Procedural History*

Following a jury trial in Dickinson County Circuit Court, Petitioner was convicted of two counts of attempted murder and one count of placing an explosive without damage. On November 29, 1995, she was sentenced to concurrent terms of eight to fifteen years imprisonment for each of the attempted murder convictions and six to fifteen years imprisonment for the explosives conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I. The trial court reversibly erred in denying defendant's pretrial motion to suppress the statements she made to the police while hospitalized, as the court should have found defendant was in the custody of the police at that time, and thus should have been advised of and waived her *Miranda* rights prior to making any statement, and the statements were involuntary given Ms. Peerenboom's medical condition.

II. Defendant's convictions for both attempted murder and placing an explosive violated the constitutional right not to twice be placed in jeopardy for the same offense.

III. The trial court erred in overruling the defense objection to the scoring of offense variable seven, as there was insufficient evidence that the complainants were asleep at the time the bomb was placed outside of the residence, or that the defendant exploited the situation of the complainants being asleep.

The Court of Appeals affirmed Petitioner's conviction and sentence. *People v.*

*Peerenboom,* 224 Mich.App. 195, 568 N.W.2d 153 (1997).

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented to the Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Peerenboom,* 458 Mich. 862, 587 N.W.2d 638 (1998).

On February 19, 1999, Petitioner filed the pending petition for a writ of habeas corpus presenting the following claims:

I. Petitioner's due process rights and privilege against self-incrimination were violated when involuntary statements made by her on April 9th, 10th, and 12th during hospitalization and without advisement of Miranda rights were not suppressed.

II. Petitioner's convictions for both attempted murder and placing an explosive were obtained as a result of a violation of the constitutional protection against double jeopardy.

## IV. *Analysis*

### A. *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) [1]; *see also Cremeans v. Chapleau,* 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

■ Where the issue presented on habeas corpus review is a mixed question of law and fact the federal habeas court must decide "whether the state court [decision] … 'involved an unreasonable application of [ ] clearly established Federal law, as determined by the Supreme Court.'" *Nevers v. Killinger,* 169 F.3d 352, 360 (6th Cir.1999), *citing Harpster v. Ohio,* 128 F.3d 322, 327 (6th Cir.1997), *cert. denied,* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998), *quoting* 28 U.S.C. § 2254(d)(1) (alterations and omission in original). The Sixth Circuit has explained the standard as follows:

[T]he writ will issue if the unreasonableness of the state court's application of

---

**1.** 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

clearly established precedent is not debatable among reasonable jurists. The unreasonableness of the application will not be debatable if it is so offensive to the precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes.

*Tucker v. Prelesnik,* 181 F.3d 747, 752 (6th Cir.1999).

With this standard in mind, the Court proceeds to examine the merits of Petitioner's application for a writ of habeas corpus.

### B. *Alleged Miranda Violation*

■ Petitioner claims that she is entitled to habeas corpus relief because she was not given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), prior to being subjected to a custodial interrogation. She was questioned by police on three separate occasions while hospitalized for her injuries.

The United States Supreme Court has held that the "in custody" determination for *Miranda* purposes presents a mixed question of law and fact. *Thompson,* 516 U.S. at 112–13, 116 S.Ct. 457. Therefore, this Court must determine whether the Court of Appeals' determination that Petitioner was not "in custody" for purposes of *Miranda* was an unreasonable application of clearly established Supreme Court precedent. *Tucker,* 181 F.3d at 753.

Petitioner's counsel filed a motion to suppress the statements Petitioner made to police while she was hospitalized. The trial court conducted a hearing and determined that Petitioner was not in custody at the time the police questioned her and therefore the police were not required to advise her of her *Miranda* rights. Petitioner presented this claim on appeal to the Michigan Court of Appeals, which held:

Defendant first argues that the trial court erred by refusing to suppress statements that she made to police officers during three interviews in her hospital room after the incident. She asserts that suppression was required because the officers did not provide defendant with *Miranda* warnings prior to any of the interviews and because the statements were involuntary. We disagree. Defendant had not been arrested at the time of these statements. An officer's obligation to give *Miranda* warnings to a person attaches only when the person is in custody, meaning that the person has been formally arrested or subjected to a restraint on freedom of movement of the degree associated with a formal arrest. *Stansbury v. California,* 511 U.S. 318, 114 S.Ct. 1526, 1528–29, 128 L.Ed.2d 293 (1994). "It is now axiomatic that *Miranda* warnings need only be given in cases involving custodial interrogations." *People v. Anderson,* 209 Mich. App. 527, 532, 531 N.W.2d 780 (1995). Thus, the trial court properly refused to suppress the statements based on the officers' failure to give *Miranda* warnings because defendant had not been arrested at the time of the interviews and no formal restraint had been placed on her freedom of movement.

*People v. Peerenboom,* 224 Mich.App. at 197–98, 568 N.W.2d 153.

The procedural safeguards imposed by *Miranda* are designed "to safeguard the uncounselled individual's Fifth Amendment privilege against self-incrimination . . . while in police custody." *Thompson v. Keohane,* 516 U.S. 99, 107, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995). Custody is determined by examining whether a reasonable person in the suspect's position would believe that he or she was free to leave. *Berkemer v. McCarty,* 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). *See also Stansbury v. California,* 511 U.S. 318, 323, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994) ("[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned.").

This Court concludes that the Michigan Court of Appeals' determination that Petitioner was not in custody when she was questioned by police was not an unreasonable application of Supreme Court precedent. Accordingly, Petitioner is not entitled to habeas corpus relief with respect to this claim.

### C. Double Jeopardy Claim

Petitioner asserts that she is entitled to habeas corpus relief because her convictions violate her constitutionally protected right to be free from double jeopardy. Specifically, Petitioner claims that her conviction of two counts of attempted murder, under M.C.L. 750.91, and one count of placing explosives with intent to destroy but without resulting damage, under M.C.L. 750.205, violate double jeopardy. She argues that the Legislature would not have intended to allow convictions under both the attempted murder and explosives statues based on the same criminal transaction because both statutes protect the same social norms.

■ In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court articulated the general test, the "same elements" test, used to determine whether a double jeopardy violation has occurred. Under the same elements test, a court examines whether each offense contains an element not contained in the other. If "every violation of one statute entails a violation of the other," a defendant will be considered to be placed in double jeopardy. *United States v. Benton,* 852 F.2d 1456, 1465 (6th Cir.1988) (internal quotation and citation omitted). " 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' " *Id.* (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

■ In the instant case, the Michigan Court of Appeals determined that Petitioner had not been placed in double jeopardy because "the elements of the offenses differ greatly inasmuch as the explosives offense does not require an intent to kill and attempted murder does not require the use of an explosive device." *People v. Peerenboom,* 224 Mich.App. at 201, 568 N.W.2d 153. This Court determines that the Court of Appeals' decision was not contrary to or an unreasonable application of the "same elements" test established by the Supreme Court in *Blockburger.* Accordingly, the Court denies habeas corpus relief with respect to this claim.

### V. Conclusion

For the foregoing reasons, the Court **DENIES** the petition for a writ of habeas corpus and the matter is **DISMISSED.**