Lamar CAMPBELL, Petitioner,

v.

Henry GRAYSON, Respondent.

No. 01–72290.

United States District Court,
E.D. Michigan,
Southern Division.

May 13, 2002.

Lamar Campbell, Parnall Correctional Facility, Jackson, MI, pro se.

Brenda E. Turner, Laura G. Moody, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

ROBERTS, District Judge.

### I. *Introduction*

Petitioner Lamar Campbell, a state inmate currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition. ·

### II. *Facts*

Petitioner's conviction arises out of his actions in relation to Joyce Robinson. Ms. Robinson testified that, as of 1995, she had known Petitioner for approximately four and a half years. She testified that she had dated Petitioner for approximately the first year that she knew him. For the three years since they had stopped dating, Ms. Robinson testified that Petitioner had engaged in harassing behavior. Petitioner had broken into her house and burned her car. For that offense, he was incarcerated. Ms. Robinson testified that, when Petitioner was released sometime in December 1994, he began stalking her and broke windows in her house. She also testified that around that time, someone burned her garage and, although she did not witness him doing so, she suspected that Petitioner had done so.

Ms. Robinson further testified that, on August 21, 1995, she obtained a Personal Protection Order ("PPO") against Petitioner and that she deliver a copy to his parole officer. She stated that she mailed a copy of the PPO by certified mail to Petitioner on October 23, 1995.

Ms. Robinson stated that, at about 1:00 p.m., on September 15, 1995, she saw Petitioner outside her house. She testified that he was pounding on her door, cursing, and demanding that she open the door. He then threw a brick with the PPO attached to it through a window. Ms. Robinson called the police. Ms. Robinson testified that, after that incident, Petitioner continued to call and threaten her. He sent her a letter on November 26, 1995, and a second letter shortly thereafter. He called her numerous times from August through December 6, 1995, when he was finally arrested.

Robert Storment testified that he was Petitioner's parole officer from August 31, 1995 through October 18, 1995. Agent Storment testified that Petitioner's former parole officer's notes indicated that Petitioner was informed on August 23, 1995, that a PPO had been issued against him.

The defense presented John Fleck III as an alibi witness. Mr. Fleck testified

that Petitioner was his employee and was working on September 15, 1995 as a driver. Mr. Fleck testified that at 1:00 p.m., on September 15, 1995, Petitioner was at a job site picking up employees, who he dropped off at another building at 1:30 p.m. Mr. Fleck further testified that Petitioner's time card indicated that, on September 15, 1995, Petitioner worked from 6:00 a.m. to 8:00 a.m., from 11:45 a.m. to 6:58 p.m., and from 10:02 p.m. to 12:00 a.m.

Petitioner did not testify in his own defense.

### III. *Procedural History*

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of aggravated stalking. On April 10, 1996, he was sentenced to two to five years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the following claims:

I. Was defendant-appellant wrongfully convicted of aggravated stalking by violating a personal protection order the violation of which was based on tape recorded telephone conversations that were improperly admitted?

II. Was defendant-appellant wrongfully convicted of aggravated stalking by violating a personal protection order the absolute notice of which was determined by the testimony of a parole agent who had no knowledge of notice and only testified from the notes of another agent?

III. Was defendant-appellant wrongfully convicted of aggravated stalking for violating a personal protection order the violation of which was based on flawed testimony?

IV. Was defendant-appellant convicted of aggravated stalking without adequate representation of counsel?

This Michigan Court of Appeals affirmed Petitioner's sentence. *People v. Campbell*, No. 196423, 1997 WL 33331091 (Mich.Ct.App. Nov.21, 1997).

Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, presenting the issues presented on direct appeal to the Michigan Court of Appeals, and the following additional issues:

V. MRE Rule 401 definition of "relevant evidence" as opposed to MRE Rule 901 "requirement of authentication or identification."

VI. Complainant/Ms. Robinson "maliciously" accused the defendant-appellant of aggravated and malicious destruction of property under $100 in retaliation for threat of civil suit.

The Michigan Supreme Court denied leave to appeal. *People v. Campbell*, 459 Mich. 857, 583 N.W.2d 900 (1998).

Thereafter, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims:

I. Was it prejudicial error for the prosecutor to allow into evidence, statements that are absolutely false, amounting to a miscarriage of justice, and in violation of defendant's Sixth Amendment right to a fair trial, under the U.S. Constitution and Michigan Constitution 1963, Art. 1 § 20?

II. Did the trial court, in a bench trial, after questioning the defendant's alibi witness, fail to articulate on the record why her decision did not disclose a critical determination as to defendant's alibi defense, violate defendant's right to a fair trial?

III. Was Mr. Campbell denied due process of law, where he was not given fair notice of the specific charges, and as a result, was de-

nied the opportunity to prepare and present a defense to those charges?

IV. Was Mr. Campbell denied effective assistance of appellate counsel in violation of his Sixth Amendment right, under the U.S. Constitution 1963, Art. 1, § 20?

V. Was the defendant denied due process of law, when he was charged under a[n] unconstitutional statute which violates the First Amendment of the U.S. Constitution?

The Wayne County Circuit Court denied the motion for relief from judgment. *People v. Campbell*, No. 95014001 (Wayne County Circuit Court Nov. 30, 1998).

Petitioner then filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Campbell*, No. 221227 (Mich.Ct.App. July 11, 2000). Petitioner filed a delayed application for leave to appeal to the Michigan Supreme Court, which was also denied. *People v. Campbell*, No. 117489 (Mich. Dec. 27, 2000).

On June 13, 2001, Petitioner filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. It is prejudicial error for the prosecutor to allow into evidence, statements that are absolutely false, amounting to a miscarriage of justice and in violation of Petitioner's Fourteenth Amendment right to due process of law, Sixth Amendment right to a fair trial under the United States Constitution and Michigan Constitution 1963, Article 1, Section 20.

II. When the trial judge, in a bench trial, questioned Petitioner's alibi witness and failed to articulate on the record why her decision did not disclose a critical determination to

Petitioner's alibi defense, violated Petitioner's right to a fair trial and the burden of proof was shifted to Petitioner.

III. Petitioner was denied due process of law where he was not given fair notice of the specific charges, and as a result, was denied the opportunity to adequately prepare or present a defense to those charges, in violation of Petitioner's constitutional rights under the Fifth and Fourteenth Amendment(s).

IV. Petitioner was deprived of his liberty without due process of law under the State and United States Constitutions where he was denied the effective assistance of both trial and appellate counsel, where counsel's unprofessional and grievous omissions resulted in the conviction of an innocent person in violation of the Sixth and Fourteenth Amendment(s) of the United States Constitution.

## IV. *Analysis*

### A. *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) [1]; *see also Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a

set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 1521. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . .

[A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521–22.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

**B. *Procedural Default—Claims I through III***

Respondent claims Petitioner's first through third claims are barred from re-

---

1. 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

view·in this Court because they are procedurally defaulted. The doctrine of procedural·default provides:

> In all cases in which a state prisoner has defaulted . his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir.1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F.3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States,* 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Additionally, the last state

court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F.3d at 202.

If the last state court from which the petitioner sought review affirmed the conviction both on the merits, and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

This Court begins its analysis of whether Petitioner's claims are procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claims. *See Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. The last state court to address these claims, the Michigan Supreme Court, denied Petitioner leave to appeal because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Campbell,* No. 221227 (Mich. July 11, 2000). The Sixth Circuit Court of

Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir.2000), *citing Rogers v. Howes,* 144 F.3d 990 (6th Cir.1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 1996. Thus, M.C.R. 6.508(D) was a firmly established and regularly followed state procedural bar at the time of Petitioner's conviction and direct appeal. The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir.2000). Accordingly, the state court's judgment clearly rested on a procedural bar and the doctrine of procedural default is invoked.

Therefore, this Court may not review Petitioner's claims unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

In the instant case, Petitioner claims that his appellate attorney's ineffectiveness constitutes "cause." The Supreme Court has held that "cause" under the cause and prejudice standard must be "something external to the petitioner, something that cannot fairly be attributable to him." *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. . . . Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753–54, 111 S.Ct. 2546 (internal citations omitted).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable pro-

fessional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689, 104 S.Ct. 2052 (internal citations omitted).

The Court further explained that, to establish deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The Sixth Circuit, applying the *Strickland* standard, has held that a reviewing court therefore must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996), *cert. denied* 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997).

■ Petitioner claims that his appellate attorney was ineffective for failing to raise the issues raised herein on direct appeal in state court. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754, 103 S.Ct. 3308. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990).

■ The Court will examine each of Petitioner's defaulted claims, in turn, to determine whether appellate counsel was ineffective in failing to raise these claims. First, Petitioner claims that his appellate attorney was ineffective in failing to argue that the prosecutor improperly permitted prosecution witness Joyce Robinson to perjure herself. While a review of the trial court transcript reveals that there may have been some inconsistencies in Ms. Robinson's testimony, such inconsistencies do not amount to perjury. Petitioner's attorney had the opportunity to cross-examine Ms. Robinson regarding her recollections and the trial court had the opportunity to weigh her credibility. Petitioner has not established that Ms. Robinson committed perjury with the prosecutor's knowledge. Therefore, Petitioner's appellate attorney's failure to present this issue on appeal was not ineffective.

■ Second, Petitioner claims that his appellate attorney was ineffective in failing to present a claim on appeal that the trial court erred in failing to address Petitioner's alibi defense when the court rendered its guilty verdict. Under Michigan law, a trial court conducing a bench trial must make separate findings of fact and conclusions of law. *People v. Johnson,* 208 Mich. App. 137, 141, 526 N.W.2d 617 (Mich.Ct. App.1994). This requirement facilitates appellate review. *Id.* Where it is clear that the trial court was aware of the factual issues and resolved them, further articulation is unnecessary. *Id.* at 141–142, 526 N.W.2d 617. A review of the trial court's findings of fact and conclusions of law shows that, while the trial court did not address Petitioner's alibi defense at length, the trial court was aware of the defense

and was not persuaded by it. Thus, the trial court's findings complied with Michigan law. Accordingly, appellate counsel was not ineffective in failing to raise this issue on direct appeal.

■ Finally, Petitioner claims that his appellate attorney was ineffective for failing to argue on appeal that Petitioner had not been give fair notice of the charges against him and, consequently, was unable to present a defense to those charges. Specifically, Petitioner claims that he was unaware that he would have to defend against violation of a PPO, when he was charged with aggravated stalking. However, under Michigan law, an essential element of aggravated stalking is the violation of a court order of which the defendant was aware. Mich. Comp.Laws § 750.411i(2)(b). Therefore, Petitioner's claim that he was unaware that he would have to defend against the violation of a court order is baseless. Consequently, his appellate attorney's failure to raise this meritless claim was not ineffective.

Thus, the Court concludes that appellate counsel was not ineffective in failing to present the procedurally defaulted issues because Petitioner was not prejudiced by the omission of meritless issues. Because Petitioner has failed to establish that his appellate attorney rendered ineffective assistance of counsel, he has failed to show cause for his procedural default. His claims are therefore barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup,* 513 U.S. at 321, 115 S.Ct. 851. Thus, Petitioner must assert a constitutional error along with a claim of innocence. To make a showing of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court further explained this standard as follows:

> The ... standard is intended to focus the inquiry on actual innocence. In assessing the adequacy of petitioner's showing, therefore, the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on "actual innocence" allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial.... The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including ... evidence tenably claimed to have been wrongly excluded or to have become available only after trial.
>
> . . . .
>
> ... [A]ctual innocence does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

*Id.* (internal quotation omitted).

■ Petitioner fails to present new, reliable evidence in light of which no reasonable juror would have found him guilty.

Therefore, the foregoing claims are barred from consideration by procedural default.

### C. *Procedural Default—Claim IV*

Finally, Petitioner claims that he is entitled to habeas corpus relief because he received ineffective assistance of trial counsel. Specifically, Petitioner claims that his trial counsel (i) failed to adequately present a defense, (ii) failed to object to the admission of other acts evidence, (iii) failed to move for a directed verdict, and (iv) failed to object to the jury instructions. Respondent argues that Petitioner's fourth claim that his trial counsel was ineffective is barred from review because Petitioner has not exhausted this claim in state court and is procedurally barred from doing so.

A prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.1998). A prisoner's " 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.1993); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir.1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Prather*, 822 F.2d at 1420, n. 3.

Petitioner's ineffective assistance of counsel claims raised herein have not been presented in state court. Thus, Petitioner has failed to exhaust his state court remedies with respect to these claims. However, no state court remedy is available to Petitioner because he already has filed one motion for relief from judgment in the state trial court and, pursuant to M.C.R. 6.502(G), he may not file a successive motion. Where a petitioner "fails to present his claims to the state courts and ... is barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995). However, a petitioner will not be allowed to present unexhausted claims unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal.

Petitioner claims that his appellate attorney was ineffective in failing to raise each of the ineffective assistance of trial counsel claims raised herein on direct appeal, and that such ineffectiveness establishes cause for his procedural default. As outlined above, the Court will examine each of Petitioner's defaulted ineffective assistance of trial counsel claims, in turn, pursuant to the *Strickland* standard, to determine whether appellate counsel was ineffective in failing to raise these claims.

■ First, Petitioner makes the conclusory allegation that his attorney failed to adequately present a defense. Petitioner fails to specify what more his attorney could have done to strengthen his defense. Such a conclusory allegation, without more, is insufficient to establish ineffective assistance of counsel. *See Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir.1985). Thus, Petitioner's appellate attorney was not in-

effective for failing to raise a meritless issue.

Second, Petitioner claims that his attorney was ineffective in failing to object to the admission of other acts evidence. The record reflects that trial counsel objected to the admission of evidence attempting to prove a pattern of harassment. The trial court limited the testimony to incidents occurring after Petitioner received notice of the PPO. Thus, Petitioner's claim that his attorney failed to lodge an objection is not supported by the record.

Third, Petitioner claims that his trial attorney was ineffective in failing to move for a directed verdict. The record reflects that trial counsel moved for a directed verdict at the close of the prosecution's case. Therefore, this claim is unsubstantiated in the record.

Finally, Petitioner claims that his attorney was ineffective in failing to object to the jury instructions. Petitioner has failed to show in what way the jury instructions were improper. Therefore, his trial attorney was not ineffective in failing to object to them.

Thus, the Court concludes that appellate counsel was not ineffective in failing to present the procedurally defaulted ineffective assistance of counsel claims because Petitioner was not prejudiced by the omission of meritless issues. Because Petitioner has failed to establish that his appellate attorney rendered ineffective assistance of counsel, he has failed to show cause for his procedural default. Petitioner also has failed to show that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Accordingly, Petitioner's claims of ineffective assistance of counsel are barred because they are procedurally defaulted and Petitioner has failed to establish cause and prejudice to excuse the procedural default.

## V. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**